IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 24-20240-MCR |
| | ) | (Chapter 13) |
| Herman G. Lucas | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| WCP Fund I LLC, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Herman G. Lucas | ) | |
| | ) | |
| Respondent. | ) | |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Comes now WCP Fund I LLC as servicer for SF NU, LLC ("WCP"), by and through undersigned counsel, pursuant to Section 362(d) of Title 11 of the United States Code, Federal Rule of Bankruptcy Procedure 4001, and Local Rule 4001-1, and moves for relief from the automatic stay set forth in Section 362 of Title 11 of the United States Code (the "Automatic Stay") so as to permit WCP to exercise any and all *in rem* recourse against the real property located at 2005 Peabody Street, Hyattsville, Maryland 20782, together with any improvements thereupon (the "Property")—including selling the Property at foreclosure—and in support thereof states as follows:

I. **Introduction**

This is the second bankruptcy case filed by Herman G. Lucas ("Mr. Lucas" or the "Debtor") in the preceding calendar year. The first case ended in dismissal; this case was then filed

1

within hours of an ensuing foreclosure where WCP looked to auction its collateral and finally recover the proceeds of a loan that matured all the way back in January 2022. Since filing this second case, the Debtor has done absolutely nothing. No schedules have been filed. A statement of financial affairs has not been filed. And, despite the Debtor having been given additional time to do so, it does not appear even a certificate of credit counseling has been filed.

Meanwhile, WCP stands bound by Section 362 of Title 11 of the United States Code (the "Automatic Stay"), being due payment of a loan that matured more than three years ago and being without access to the collateral pledged in support of that loan. If the Debtor were looking to meaningfully reorganize his affairs and propose a viable plan, such may not be cause for alarm. But, rather, it appears Mr. Lucas has simply elected to avail himself of the Automatic Stay—for the second time in a calendar year—and sit idly by as creditors suffer the injunctive detriment of this case's pendency.

For this reason, and as extrapolated upon *infra*, WCP respectfully seeks relief from the Automatic Stay for "cause," pursuant to Section 362(d)(1) of Title 11 of the United States Code.

**II.     Standard**

Familiarly, Title 11 of the United States Code (the "Bankruptcy Code") provides various grounds upon which a creditor may be afforded relief from the Automatic Stay including, *inter alia*:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—(1) for cause. . .

11 U.S.C. § 362(d).

### III. Relevant Facts

On January 5, 2021, Wise Innovations LLC ("Wise") borrowed $125,250.00 from WCP. *See* Promissory Note, attached hereto as Exhibit A ("Ex. A"). Mr. Lucas signed the promissory note as one of the two members of Wise. *Id.*

The loan was secured by a deed of trust on the Property (alongside another asset that is not an asset of Mr. Lucas' bankruptcy estate).[1] *See* Deed of Trust, attached hereto as Exhibit A.

Per its express terms, the promissory note matured on January 5, 2022. *See* Promissory Note, Ex. A, at § 3. The debt was not paid on that date and has not been retired at any time since.

Rather, in an apparent effort to avoid foreclosure of the Property, Mr. Lucas petitioned for Chapter 13 relief on March 5, 2024. *See In re Lucas*, Case No. 24-11842-MCR (Bankr. D. Md. 2024). And, believing (perhaps naively) that such was a good faith filing correlative to an intent to reorganize and pay debts, WCP sat idly by as that case pended, neither seeking relief from the Automatic Stay nor dismissal. *Id.* (docket, *passim*).

When the Debtor failed to file an amended plan, following the denial of confirmation of a previously-docketed plan, the original case was dismissed on November 5, 2024. *Id.* at DE #71. This case followed one month later, being docketed on December 5, 2024, with the timing being seemingly directly correlative to an effort to frustrate a foreclosure of the Property scheduled by WCP. *See* DE #1 (in the above-captioned case).

Since filing this case, the Debtor has—quite genuinely—done absolutely nothing. See Docket, *passim*. There are no schedules. *Id.* There is no statement of financial affairs. *Id.* There is

---

[1] The Property is believed to be owned solely by the Debtor, not Wise, and was pledged as additional collateral for a loan to Wise.

no Chapter 13 plan. *Id.* There is not even a new certificate of credit counseling, despite the Debtor having expressly promised to docket one. *Id*; DE #1 at p. 7.

## IV.  Argument: Stay Relief is Appropriate

The Debtor was in Chapter 13 for eight months last year and failed, completely, to propose a plan that had even a vague possibility of being confirmed. He has now been in Chapter 13, on his second consecutive filing, for more than a month and has failed, also completely, to do just about anything whatsoever. These facts amply establish "cause" under Section 362(d)(1) of Title 11 of the United States Code and relief from the Automatic Stay is thusly warranted.

As noted by a leading treatise, "[u]se of the word 'cause' suggests an intention that the bases for relief from the stay should be broader than merely lack of adequate protection. Thus, relief might be granted when the court finds that the debtor commenced the case in bad faith." 3 Collier on Bankruptcy P 362.07 (citing *In re Laguna Assocs. Ltd. P'ship*, 30 F.3d 734 (6th Cir. 1994); *In re Dixie Broadcasting, Inc*., 871 F.2d 1023 (11th Cir. 1989)).

Availing oneself of the Automatic Stay and then failing to file schedules is bad faith. Availing oneself of the Automatic Stay and then failing to file a statement of financial affairs is, too, bad faith. And so, too, is it bad faith to not file a certificate of credit counseling, a Chapter 13 plan, or even a motion seeking additional time to tend to these case-opening cornerstones. Such is all the more true where, as here, the Debtor is seasoned in the art of seeking bankruptcy protection and thusly well aware of the filing rigors associated therewith.

WCP loaned monies—four years ago—with promises of seeing its capital returned within a year. The Debtor did not honor that promise and has not promised seemingly any other promise at any time since. This is a bad faith bankruptcy and relief from the Automatic Stay is thusly well warranted *sub judice*.

**V.     Conclusion**

WHEREFORE, WCP respectfully prays this Honorable Court (i) grant WCP relief from the Automatic Stay so as to proceed with foreclosure of the Property; (ii) permit WCP to retain the proceeds of a foreclosure auction, without accounting to this Honorable Court for the same, so long as such proceeds not exceed the sum of the Debtor's obligation to WCP; and (iii) for such other and further relief as may be just and proper.

                                              Respectfully submitted,

Dated: January 7, 2025                    By: /s/ Maurice B. VerStandig
                                                Maurice B. VerStandig, Esq.
                                                Bar No. 18071
                                                The VerStandig Law Firm, LLC
                                                1452 W. Horizon Ridge Pkwy, #665
                                                Henderson, Nevada 89012
                                                Phone: (301) 444-4600
                                                Facsimile: (301) 444-4600
                                                mac@mbvesq.com
                                                *Counsel for WCP Fund I LLC*

*[Certificate of Service on Following Page]*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of January, 2025, a copy of the foregoing was served electronically upon filing via the ECF system with copies to:

- Rebecca A. Herr    ecf@ch13md.com
- Dorothy Carol Sasser    dsasser@siwpc.com, bkreferrals@siwpc.com;siwbkecf@siwpc.com;siwpc@ecf.courtdrive.com;siwattecf@siwpc.com
- Ryan Srnik    ryan.srnik@brockandscott.com, wbecf@brockandscott.com
- Maurice Belmont VerStandig    mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

I FURTHER CERTIFY that on the 7th day of January, 2025, a copy of the foregoing is also being served, sans exhibits (but including the notice of opportunity to object), via US Mail, postage prepaid, to all parties on the attached mailing matrix.

/s/ Maurice B. VerStandig
Maurice B. VerStandig