**BOOK: 44783 PAGE: 550**

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MEA 44783, p. 0550, MSA_CE64_45092. Date available 02/05/2021. Printed 12/10/2022.

Prince George's County, MD
Approved by   YKO   01/28/2021
Recordation Tax Paid        $690.25
Transfer Tax Paid          $1,753.50

2920 Vista Street NE, Washington, DC 20018 (2nd Trust)
Cross-Collateral: 2005 Peabody St, Hyattsville, MD 20782
LOAN-005373

Prepared by and return to:
Washington Capital Partners
2815 Hartland Road, Suite 200
Falls Church, VA 22043
Attn: Victoria Junkins, Esq.

```
Prince George's Cty Cir Crt
IMP FD SURE          $40.00
RECORDING FEE        $75.00

TOTAL               $115.00
ME    AS
Feb 02, 2021        10:07 am
```

### DEED OF TRUST

**THIS IS A HOME EQUITY CREDIT LINE DEED OF TRUST. DEFAULT ON PAYMENTS MAY RESULT IN THE LOSS OF YOUR HOME.** The noteholder and grantor have an agreement whereby the noteholder may make or contemplates making advances from time to time against the security described in this credit line deed of trust. The maximum aggregate amount of principal to be secured at any one time is $125,250.00. An explicit statement of the rights and obligations of the borrower (i.e., grantor) and the consequences of default are set forth herein.

THIS DEED OF TRUST, made effective as of January 05, 2021, by and between **Herman George Lucas**, a Maryland resident, hereinafter referred to as the "Grantor" (index as Grantor), with an address of 2306 Calvert St., Hyattsville, MD, 20783, and **Daniel Huertas**, hereinafter referred to as the "Trustee" (index as Grantee), with an address of 2815 Hartland Road, Suite 200, Falls Church, VA 22043.

WHEREAS, Grantor is justly indebted to **WCP Fund I LLC**, a Delaware Limited Liability Company, hereinafter referred to as the "Beneficiary," with an address of 2815 Hartland Road, Suite 200, Falls Church, VA 22043, in its capacity as Agent (as hereinafter defined) under any co-lending agreement, for money borrowed in the amount of $125,250.00 ("Loan Amount"), for which amount the said Grantor has made and delivered a certain Commercial Deed of Trust Note of even date herewith, in the original principal amount of the Loan Amount payable to the order of the Beneficiary (the "Note"); and

WHEREAS, the Grantor desires to secure the Beneficiary and any subsequent holder of the Note secured hereby the full and punctual payment of said debt, when and as the same shall become due and payable, as well as any and all renewals and extensions of said Note, or any part thereof, together with interest thereon, and the performance of the covenants and agreements herein and therein contained, and also to secure the reimbursement to the holder or holders of said Note or to the Trustee or substitute Trustee, and any purchaser or purchasers of said Note from the Beneficiary, or grantee or grantees under any sale or sales conducted by the Trustee or Substitute Trustee under the provisions of this Deed of Trust for all money which may be advanced as herein provided for, and for any and all costs and expenses incurred or paid on account of any litigation at law or in equity which may arise in respect to this Deed of Trust, or in respect to the indebtedness

**BOOK: 44783 PAGE: 551**

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MEA 44783, p. 0551, MSA_CE64_45092. Date available 02/05/2021. Printed 12/10/2022.

2920 Vista Street NE, Washington, DC 20018 (2nd Trust)
Cross-Collateral: 2005 Peabody St, Hyattsville, MD 20782
LOAN-005373

or the property herein described, or in obtaining possession of the Mortgaged Property either before or after any sale which may be made as hereinafter provided for.

ARTICLE I

DEFINITIONS

1.0 Definitions.

Grantor, Trustee and Beneficiary agree that, unless the context otherwise specifies or requires, the following terms shall have the meaning herein specified, such definitions to be applicable equally to the singular and the plural forms of such terms and to all genders:

(a) Beneficiary - The party hereinabove designated as such, its successors and assigns.

(b) Event(s) of Default - Any of the happenings, events, circumstances or occurrences described in Article VII of this Deed of Trust.

(c) Grantor - The party hereinabove designated as such, and that party's heirs, survivors, administrators, executors, successors and assigns.

(d) Impositions - All (i) real estate taxes, and other taxes of every kind and character; and (ii) all water and sewer rents and charges; and (iii) all other public charges, taxes, homeowners association assessments, fees, governmental and non-governmental charges, to the extent any of the foregoing are imposed or assessed upon the Grantor or the Mortgaged Property or arising in respect of the occupancy, use or possession thereof.

(e) Improvements - Any and all buildings, structures, improvements, alterations or appurtenances now erected or at any time hereafter constructed, renovated, or placed upon the Mortgaged Property or any portion thereof and any replacements thereof.

(f) Indebtedness - The principal of and the interest on, and all other amounts, payments and premiums due on account of the Note and all other indebtedness of the Grantor to the Beneficiary payable pursuant to the Note.

(g) Land - The real estate described in "EXHIBIT A" attached hereto and by this reference made a part hereof.

(h) Leases - all leases, subleases, licenses, concessions, tenancies, occupancy agreements and other agreements entered into by or on behalf of Grantor demising, leasing or granting rights of possession or use of all or any portion of the Mortgaged Property, together with all modifications, extensions or renewals thereof now existing or hereafter executed.

Rev 5.2016

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MEA 44783, p. 0552, MSA_CE64_45092. Date available 02/05/2021. Printed 12/10/2022.

**BOOK: 44783 PAGE: 552**

2920 Vista Street NE, Washington, DC 20018 (2nd Trust)
Cross-Collateral: 2005 Peabody St, Hyattsville, MD 20782
LOAN-005373

(i) Mortgaged Property - The Land, the Improvements. , the Personal Property, all development rights transferred or appurtenant to the Land, all easements and other rights now or hereafter made appurtenant to the Land, all additions and accretions to the Land, all fixtures, machinery, equipment, and appliances at any time attached to, or located in or on the Land in which Grantor has an interest, existing and future development rights, permits and approvals, air rights and other similar land use permits, approvals or entitlements associated with the Land; and all proceeds of any of the foregoing.

(j) Note - The Commercial Deed of Trust Note made by the Grantor payable to the order of the Beneficiary of even date herewith, in the original principal amount of the Loan Amount, and all modifications, renewals, substitutions, and extensions of the aforesaid Note.

(k) Obligations - Any and all of the covenants, promises and other obligations (other than the Indebtedness) made or owing by the Grantor to the Beneficiary pursuant to or as otherwise set forth in this Deed of Trust.

(l) Person - shall mean any individual, corporation, partnership, joint venture, association, joint stock company, trust, trustee, estate, limited liability company, unincorporated organization, real estate investment trust, government or any agency or political subdivision thereof, or any other form of entity.

(m) Personal Property -- all "Accounts", "Cash proceeds", "Chattel paper", "Collateral", "Commercial tort claims", "Deposit accounts", "Documents", "Electronic chattel paper", "Equipment", "Fixtures", "General intangibles", "Goods", "Instruments", "Inventory", "Investment property", "Letter-of-credit rights", "Noncash proceeds", "Payment intangibles", "Proceeds", "Software", "Supporting Obligations", and "Tangible chattel paper", as defined in the Uniform Commercial Code, in which Grantor has any interest, whether currently owned or hereafter acquired, including but not limited to all such property relating to, generated from, arising out of or incidental to the ownership, development, use or operation of the Land (whether or not subsequently removed from the Land), including, without limitation, all (i) machinery, tools, appliances, apparatus, equipment, and fittings; (ii) rugs, carpets and other floor coverings; (iii) draperies and drapery rods and brackets, awnings, window shades, venetian blinds and curtains; (iv) lamps, chandeliers, and other lighting fixtures; (v) office maintenance and other supplies; (vi) apparatus, appliances, furniture and furnishings, building service equipment, and building materials, supplies and equipment; (vii) heating, lighting and plumbing fixtures, fire prevention and extinguishing apparatus, cooling and air-conditioning systems, elevators, escalators, fittings, plants, apparatus, stoves, ranges, refrigerators, laundry machines, tools, machinery, engines, dynamos, motors, boilers, incinerators, switchboards, conduits, compressors, vacuum cleaning systems, floor cleaning, waxing and polishing equipment, call systems, brackets, electrical signs, bulbs, bells, ash and fuel, conveyors, cabinets, lockers, shelving, spotlighting equipment, dishwashers, garbage disposals, washers and dryers; (viii) Leases, lease guarantees, contracts, contract rights, franchise agreements, licenses, permits and certificates; (ix) tenements, hereditaments and

BOOK: 44783 PAGE: 553

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MEA 44783, p. 0553, MSA_CE64_45092. Date available 02/05/2021. Printed 12/10/2022.

2920 Vista Street NE, Washington, DC 20018 (2nd Trust)
Cross-Collateral: 2005 Peabody St, Hyattsville, MD 20782
LOAN-005373

appurtenances; (x) approvals and parcel maps (whether tentative or final), building permits and certificates of occupancy; (xi) management agreements, service contracts, supply contracts or other contracts or agreements; (xii) warranties; (xiii) plans and specifications prepared for construction of Improvements on the Mortgaged Property, or any part thereof, and studies, data and drawings related thereto, including, without limitation, studies, data or reports relating to toxic or hazardous wastes or materials located on the Mortgaged Property, all environmental audits, studies and reports, approvals and agreements, and contracts and agreements of Grantor relating to the aforesaid plans and specifications or to the aforesaid studies, data, reports and drawings or to the construction of Improvements on the Mortgaged Property; (xiv) sales agreements, marketing studies, feasibility studies, deposit receipts, escrow agreements and other ancillary documents and agreements entered into respecting the sale to any purchasers of any part of the Mortgaged Property and other proceeds of the sale thereof; (xv) deposits made with or other security given to utility companies by Grantor with respect to the Mortgaged Property and/or Improvements; (xvi) advance payments of insurance premiums made by Grantor with respect to, and all claims or demands with respect to, insurance; (xvii) insurance proceeds (including insurance proceeds for insurance not required under the terms of this Security Instrument); (xviii) condemnation awards; and (xix) causes of action, claims, compensation, awards and recoveries for any damage or injury to the Mortgaged Property and/or Improvements or for any loss or diminution in value of the Mortgaged Property and/or Improvements.

(n) Trustee - The parties hereinabove designated as such, their successors and substitutes.

## ARTICLE II

## GRANT

2.0 Grant.

NOW, THEREFORE, the Grantor, in consideration of the premises and of the sum of TEN and NO/100 DOLLARS ($10.00) lawful money of the United States of America, the receipt of which is hereby acknowledged by the Grantor, and in order to secure the payment of the Indebtedness and the Note and the performance and discharge of the Obligations, does by these presents, grant, give, bargain, sell, assign, convey, release, warrant, mortgage, transfer, hypothecate, pledge, set over and confirm unto the Trustee, their successors and assigns forever, in fee simple, the Mortgaged Property, TO HAVE AND TO HOLD the said Mortgaged Property unto the said Trustee, their successors and assigns, forever;

IN TRUST, to secure (a) the payment to the Beneficiary of the Indebtedness and all other sums due under the Note and/or this Deed of Trust, (b) the performance and discharge of the Obligations and of all covenants and agreements in the Note, (c) the performance and discharge of all covenants and agreements in all documents and/or instruments evidencing, securing, or otherwise relating to the Indebtedness (collectively, "Loan Documents") other than the Note and this Deed of Trust, (d) any and all future or

Rev 5.2016

Page **4** of **25**

**BOOK: 44783 PAGE: 554**

2920 Vista Street NE, Washington, DC 20018 (2nd Trust)
Cross-Collateral: 2005 Peabody St, Hyattsville, MD 20782
LOAN-005373

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MEA 44783, p. 0554, MSA_CE64_45092. Date available 02/05/2021. Printed 12/10/2022.

additional advances (whether or not obligatory) made by Beneficiary (i) to protect or preserve the Mortgaged Property or the lien or security interest created hereby on the Mortgaged Property, or (ii) for taxes, assessments, or insurance premiums as hereinafter provided, or (iii) for performance of any of Grantor's obligations hereunder or under the other Loan Documents, or (iv) for any other purpose provided herein or in the other Loan Documents (whether or not the original Grantor remains the owner of the Mortgaged Property at the time of such advances), together with interest thereon as provided for in the Note, and (e) any and all other indebtedness now owing or which may hereafter be owing by Grantor to Beneficiary, however and whenever incurred or evidenced, whether express or implied, direct or indirect, absolute or contingent, or due or to become due, and all renewals, modifications, amendments, restatements, consolidations, substitutions, replacements, and extensions thereof.

2.1 Possession.

Until the occurrence of an Event of Default, the Beneficiary shall promptly permit the Grantor to possess and enjoy the Mortgaged Property.

2.2 Condition of Grant.

The condition of these presents is such that if Grantor shall pay or cause to be paid the Indebtedness as and when the same shall become due and payable under the Note, and shall observe, perform and discharge the Obligations, then Beneficiary and the Trustee shall release and reconvey unto and at the cost of Grantor the Mortgaged Property whereupon this Deed of Trust shall cease and be void and the Mortgaged Property shall be released from the lien hereof at the cost of the Grantor.

ARTICLE III

REPRESENTATIONS AND WARRANTIES

3.0 Representations and Warranties.

Grantor hereby represents and warrants to Beneficiary that:

3.1 Validity of Loan Instruments.

(a) The execution, delivery and performance by Grantor of the Note and this Deed of Trust, (i) are within the legal powers of Grantor, and (ii) will not violate any provision of law, any order of any court or other agency of government, or any indenture, agreement or other instrument to which Grantor is a party or by which they or any of their property is bound or be in conflict with, result in a breach of or constitute (with due notice or lapse of time or both) a default under any such indenture, agreement or other instrument, or result in the creation or imposition of any lien, charge or encumbrance of any nature whatsoever upon any of its property or assets, except as contemplated herein; and (b) the Note does,

Rev 5.2016                                                                 Page **5** of **25**

**BOOK: 44783 PAGE: 555**

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MEA 44783, p. 0555, MSA_CE64_45092. Date available 02/05/2021. Printed 12/10/2022.

2920 Vista Street NE, Washington, DC 20018 (2nd Trust)
Cross-Collateral: 2005 Peabody St, Hyattsville, MD 20782
LOAN-005373

and this Deed of Trust when executed and delivered by Grantor will, constitute the legal, valid and binding obligations of in accordance with their respective terms, subject to the limiting effect of applicable bankruptcy, insolvency, moratorium, reorganization or other similar laws of general applicability relating to creditor's rights, and the exercise of judicial discretion which may limit certain remedies therein provided.

3.2 Mortgaged Property and Other Property.

Grantor has good and marketable title in fee simple to the Mortgaged Property free and clear of any liens, charges, encumbrances, security interests and adverse claims whatsoever. This Deed of Trust is and will remain a valid and enforceable first lien on the Mortgaged Property. The Grantor has full power and lawful authority to subject the Mortgaged Property to the lien of this Deed of Trust in the manner and form herein contemplated. The Grantor will preserve such title, and will forever warrant and defend the same to the Trustee and will forever warrant and defend the validity and priority of the lien hereof against the claims of all persons and parties whomsoever.

ARTICLE IV

AFFIRMATIVE COVENANTS

4.0 Affirmative Covenants.

Until the entire Indebtedness shall have been paid in full, Grantor hereby covenants and agrees as follows:

4.1 Compliance with Laws.

Grantor will promptly, fully and faithfully comply with, conform to and obey all present and future laws, ordinances, rules, regulations, requirements which may be applicable to the manner of use, occupancy, possession, operation, maintenance, alteration, and repair of the Mortgaged Property.

4.2 Payment of Impositions.

Grantor will pay and discharge, or cause to be paid and discharged, not later than the due date thereof or the date any fine, penalty, interest or cost may be added thereto or imposed by or pursuant to law for the nonpayment thereof (whichever date shall first occur) or, at the direction of the Beneficiary, as soon as the same become liens, whether or not then due and payable, any Impositions upon or assessed against the Mortgaged Property or arising in respect of the occupancy, use or possession thereof. The Grantor will, upon the request of the Beneficiary, deliver to the Beneficiary from time to time receipts evidencing the payment of all such Impositions.

4.3 Repairs and Waste.

Rev 5.2016

BOOK: 44783 PAGE: 556

2920 Vista Street NE, Washington, DC 20018 (2nd Trust)
Cross-Collateral: 2005 Peabody St, Hyattsville, MD 20782
LOAN-005373

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MEA 44783, p. 0556, MSA_CE64_45092. Date available 02/05/2021. Printed 12/10/2022.

Grantor will at all times keep and maintain the Mortgaged Property in good order, condition and repair and will promptly make, from time to time, all repairs, renewals, replacements, additions and improvements, interior and exterior, structural and nonstructural, ordinary and extraordinary, foreseen and unforeseen, as may be necessary or desirable to accomplish the purposes of this Section. The Grantor will not commit any waste upon the Mortgaged Property or make or permit any change in the use of the Mortgaged Property which will in any way increase any ordinary fire or other hazard arising out of the operation thereof.

4.4. Insurance.

Grantor will keep the Improvements insured against loss by fire, casualty and such other hazards as may from time to time be required by the Beneficiary for the benefit of the Beneficiary. The Grantor shall maintain such public liability and indemnity insurance as may from time to time be reasonably required by the Beneficiary. All such insurance shall be written in forms, amounts and by companies satisfactory to the Beneficiary and losses thereunder, shall be payable to the Beneficiary pursuant to a standard mortgagee's endorsement. Duplicate originals of each such policy of insurance shall be delivered to the Beneficiary and the Grantor shall provide the Beneficiary with such evidence of the payment of premiums due on account of such insurance as may from time to time be required by the Beneficiary. All such policies shall provide that the same shall not be invalidated by any waiver of the right of subrogation by any insured and shall provide that the carrier shall have no right to be subrogated to the Beneficiary. All such policies shall provide for at least thirty (30) days' prior written notice to all insureds named thereon (including, without limitation, the Beneficiary) prior to any cancellation, surrender or modification thereof, including without limitation, cancellation for nonpayment of premium. The Grantor shall give the Beneficiary prompt notice of any loss covered by such insurance and the Beneficiary shall have the right to join the Grantor in adjusting any loss. Any funds received as payment for any loss under any such insurance shall be paid over to the Beneficiary and shall be applied by the Beneficiary, should there then exist any Event of Default hereunder that is continuing and not cured by Grantor, to the prepayment of the Indebtedness, without premium or penalty, or, should no Event of Default have occurred and be continuing uncured hereunder, then to the reimbursement of Grantor for expenses actually incurred by the Grantor in the restoration or replacement of the Improvements.

4.5 Restoration Following Casualty.

In the event of the happening of any casualty (including, without limitation, any casualty for which insurance was not obtained or obtainable) resulting in damage to or destruction of the Mortgaged Property or any part thereof, the Grantor shall give prompt written notice of the time, nature and extent thereto to the Beneficiary and, as long as no Event of Default exists hereunder that is continuing and not cured by Grantor, then the Beneficiary shall apply the proceeds of insurance to the restoration, repair or replacement of the Mortgaged Property or in the event the casualty was not insured, the Grantor shall,

Rev 5.2016

BOOK: 44783 PAGE: 557

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MEA 44783, p. 0557, MSA_CE64_45092. Date available 02/05/2021. Printed 12/10/2022.

2920 Vista Street NE, Washington, DC 20018 (2nd Trust)
Cross-Collateral: 2005 Peabody St, Hyattsville, MD 20782
LOAN-005373

at the sole cost and expense of the Grantor and whether or not the proceeds of insurance, if any, are sufficient for the purpose, promptly commence and diligently continue to restore, repair and replace the Mortgaged Property as nearly as possible to its condition immediately prior to such casualty.

4.6 Performance of Other Agreements.

Grantor will comply in a timely way, and otherwise abide by and perform, all of the terms, agreements, obligations, covenants, restrictions and warranties binding upon the Grantor under any easement, right-of-way, covenant, restriction, or other agreement with respect to or in any manner affecting the Mortgaged Property or any part thereof.

4.7 Further Assurances.

Grantor, at his/her/its sole cost and expense, will make, execute, acknowledge and deliver all and every such further acts, deeds, conveyances, mortgages, assignments, notices of assignments, transfer and assurances as the Trustee or the Beneficiary shall from time to time reasonably require, for the better assuring, conveying, assigning, transferring and confirming unto the Trustee the property and rights hereby conveyed or assigned or intended now or hereafter so to be, or which the Grantor may be or may hereafter become bound to convey or assign to the Trustee, or for carrying out the intention or facilitating the performance of the terms of this Deed of Trust or for filing, registering or recording this Deed of Trust.

4.8 Advances.

In the event the Grantor shall fail to perform any of the covenants contained herein then the Beneficiary, with or without notice to the Grantor, may, but shall not be required to, make advances to perform the same in its behalf, and all sums so advanced shall be a lien upon the Mortgaged Property and shall be secured hereby. Any advance so made shall be charged interest at the default rate provided herein.

4.9 Deposits for Taxes and Related Matters.

Beneficiary shall not require the Grantor to deposit with Beneficiary in escrow those amounts sufficient to discharge over time the Impositions and the premiums on the insurance required pursuant hereto unless an Event of Default has occurred.

4.10 Indemnity - Hold Harmless.

Grantor shall forever indemnify and save the Beneficiary and the Trustee harmless from all loss, liability, damage, costs and expenses, including, without limitation, reasonable attorneys' fees, and title and survey costs, incurred by reason of any action, suit, proceeding, hearing, motion or application before any Court or administrative body in or which the Beneficiary or the Trustee may be or become a party by reason of this Deed of

**BOOK: 44783 PAGE: 558**

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MEA 44783, p. 0558, MSA_CE64_45092. Date available 02/05/2021. Printed 12/10/2022.

2920 Vista Street NE, Washington, DC 20018 (2nd Trust)
Cross-Collateral: 2005 Peabody St, Hyattsville, MD 20782
LOAN-005373

Trust, whether as holder of this Deed of Trust, as mortgagee-in-possession, as successor-in-interest to Grantor, by foreclosure deed or deed in lieu of foreclosure, including, without limitation, with respect to (a) any accident to, injury to or death of persons or loss of or damage to property occurring on or about the Mortgaged Property, (b) any failure on the part of the Grantor to perform or comply with any of the terms, covenants, conditions and agreements set forth in the this Deed of Trust, (c) performance of any labor or services or the furnishing of any materials or other property in respect of the Mortgaged Property or any other part thereof for construction or maintenance or otherwise, (d) any action brought against any party attacking the validity, priority or enforceability of this Deed of Trust, and/or (e) bankruptcy. All money paid or expended by Beneficiary or Trustee in connection with any of the foregoing, together with interest thereon from day of such payment at the default rate set forth in the Note, shall be so much additional indebtedness secured hereby and, except as otherwise provided herein, shall be immediately and without notice due and payable by Grantor. The obligations of the Grantor under this Section shall survive any foreclosure, deed in lieu of foreclosure, release, termination or satisfaction of this Deed of Trust.

4.11 Lockbox Access.

Grantor to install a combination lockbox on the subject Mortgaged Property and provide said lockbox combination to the Beneficiary. Lockbox is to remain located on property at all times during term of this Deed of Trust. Grantor irrevocably grants permission to Beneficiary and/or Trustee to enter into any improvement on the Mortgaged Property at any time and for any purpose consistent with ensuring Grantor's compliance with the terms and conditions of this Deed of Trust.

4.12 Sign Installation.

Grantor hereby allows Grantee to install a 18x24 sign in the yard of the Mortgaged Property during term of this Deed of Trust.

ARTICLE V

NEGATIVE COVENANTS

5.0 Negative Covenants

Until the Indebtedness shall have been paid in full, Grantor covenants and agrees as follows:

5.1 Other Liens - Transfers

Grantor will not, without the prior written consent of the Beneficiary, create or permit to be created or remain, any mortgage, pledge, lien, lease, encumbrance or charge or security interest, or conditional sale or other title retention agreement, with respect to

**BOOK: 44783 PAGE: 559**

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MEA 44783, p. 0559, MSA_CE64_45092. Date available 02/05/2021. Printed 12/10/2022.

2920 Vista Street NE, Washington, DC 20018 (2nd Trust)
Cross-Collateral: 2005 Peabody St, Hyattsville, MD 20782
LOAN-005373

the Mortgaged Property or any part thereof or income therefrom, whether prior or subordinate to the lien of this Deed of Trust, except as otherwise consented to in writing by Beneficiary. Except for any grant, conveyance, sale, assignment or transfer of the Mortgaged Property which is conditioned upon the release of record of this Deed of Trust, the Grantor will not, without the prior written consent of the Beneficiary, make, create or consent to any grant, conveyance, sale, assignment or transfer of the Mortgaged Property or any part thereof, other than as consented to by Beneficiary.

5.2 Impairment of Security

Grantor will take no action which will in any manner impair the value of the Mortgaged Property or the security of this Deed of Trust.

5.3 Occupancy.

Unless otherwise agreed to in writing by the Beneficiary, Grantor shall not allow any person or persons to occupy the Mortgaged Property during the term of the Note.

ARTICLE VI

EMINENT DOMAIN – CONDEMNATION

6.0 Notice.

Grantor shall give the Trustee and the Beneficiary prompt written notice of the actual or threatened commencement of any proceedings under the power of condemnation or eminent domain affecting all or any part of the Mortgaged Property, and the Grantor will deliver to the Trustee and the Beneficiary true and complete copies of any and all documents and papers served upon the Grantor in connection with any such proceedings promptly following receipt thereof by the Grantor.

6.1 Assignment of Condemnation Awards.

Grantor hereby irrevocably assigns, transfers and sets over unto the Beneficiary all right, title, interest and estate of the Grantor in and to any award or payment made in respect of any proceeding under the power of condemnation or eminent domain relating to the Mortgaged Property and initiated subsequent to the recordation of this Deed of Trust.

6.2 Application of Proceeds.

All proceeds received by or for the account of the Beneficiary as a result of, or by agreement in anticipation or in lieu of, any exercise of the power of condemnation or eminent domain with respect to the Mortgaged Property, shall be applied by the Beneficiary in the following order of priority: (a) to reimburse the Beneficiary for all costs and expenses actually and reasonably incurred by the Beneficiary in connection with the

BOOK: 44783 PAGE: 560

2920 Vista Street NE, Washington, DC 20018 (2nd Trust)
Cross-Collateral: 2005 Peabody St, Hyattsville, MD 20782
LOAN-005373

collection of such award or payment, including, without limiting the generality of the foregoing, reasonable attorney's fees; and (b) to the prepayment of the amount then due on account of the Indebtedness, without premium or penalty; and (c) to the Grantor. In the event, however, that in the opinion of the Beneficiary such taking will not materially affect the value of the Mortgaged Property, then the Beneficiary may disburse the entire proceeds of the taking to the Grantor; provided, however, that the Beneficiary shall then have the right to specify the manner in which such proceeds shall be disbursed by the Grantor; and, provided further, that the payment of the proceeds to the Grantor shall not affect the lien hereof or reduce the amount of Indebtedness.

## ARTICLE VII

## EVENTS OF DEFAULT

7.0 Events of Default.

The term "Event(s) of Default" shall mean the occurrence or happening, from time to time, of any one or more of the following or any other occurrences to/by the Grantor (both severally and/or jointly):

7.1 Payment of Indebtedness.

If the Grantor shall default in the payment of any portion of the Indebtedness when and as the same shall become due and payable under the Note.

7.2 Performance of Obligations.

If the Grantor shall default in the due observance or performance of any of the Obligations under the Note or this Deed of Trust.

7.3 Appointment by Receiver.

If by the order of a court of competent jurisdiction, a trustee, receiver or liquidator of the Mortgaged Property or any part thereof, or of the Grantor, shall be appointed and such order shall not be discharged or dismissed within ninety (90) calendar days after such appointment.

7.4 Voluntary Bankruptcy.

If the Grantor shall file a petition in bankruptcy or for an arrangement or for reorganization pursuant to the Bankruptcy Reform Act of 1978, as amended, or any similar law, federal or state, or if, by decree of a court of competent jurisdiction, the Grantor shall be adjudicated a bankrupt, or be declared insolvent, or shall make an assignment for the benefit of creditors, or shall admit in writing his inability to pay his debts generally as they

Rev 5.2016

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MEA 44783, p. 0560, MSA_CE64_45092. Date available 02/05/2021. Printed 12/10/2022.

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MEA 44783, p. 0561, MSA_CE64_45092. Date available 02/05/2021. Printed 12/10/2022.

**BOOK: 44783 PAGE: 561**

2920 Vista Street NE, Washington, DC 20018 (2nd Trust)
Cross-Collateral: 2005 Peabody St, Hyattsville, MD 20782
LOAN-005373

become due, or shall consent to the appointment of a receiver or receivers of all or any part of its property.

7.5 Involuntary Bankruptcy.

If any of the creditors of the Grantor shall file a petition in bankruptcy against the Grantor, pursuant to the Federal Bankruptcy Reform Act of 1978, as amended, or any similar law, federal or state, and if such petition shall not be discharged or dismissed within ninety (90) calendar days after the date on which such petition was filed.

7.6 Judgments.

If final judgment for the payment of money or the establishment of a mechanic's lien shall be rendered against the Grantor and the Grantor shall not discharge the same or cause it to be discharged within thirty (30) calendar days from the entry thereof, or shall not appeal therefrom or from the order, decree or process upon which or pursuant to which said judgment was granted, based or entered, and secure a stay of execution pending such appeal.

7.7 Transfer of Mortgaged Property.

With the exception of the sale of the Mortgaged Property, which sale is conditioned upon the release of the Mortgaged Property from the lien of this Deed of Trust, if Grantor shall transfer, or agree to transfer, in any manner, either voluntarily or involuntarily, by operation of law or otherwise, all or any portion of the Mortgaged Property, or any interest therein without, in any such case, the prior written consent of Beneficiary. NOTICE – THE INDEBTEDNESS SECURED HEREBY IS SUBJECT TO CALL IN FULL OR THE TERMS THEREOF BEING MODIFIED IN THE EVENT OF SALE OR CONVEYANCE OF THE PROPERTY HEREIN CONVEYED IN TRUST.

7.8 Occupancy.

Grantor represents and covenants to Trustee and Beneficiary that, as of the effective date of this Deed of Trust (at the latest), the Mortgaged Property is vacant. Grantor further covenants to Trustee and Beneficiary that, so long as this Deed of Trust remains a lien against the Mortgaged Property, the Mortgaged Property will remain vacant and Grantor will not permit the Mortgaged Property to be occupied by anyone, including Grantor. Grantor further covenants that, to the extent that the Mortgaged Property was tenanted prior to the effective date of this Deed of Trust, Grantor properly adhered to all tenants rights laws with proper notices and procedures.

7.9 Other Indebtedness

Any default under or breach of any document or instrument evidencing or securing any indebtedness, obligation, or liability of any kind or nature – other than the Indebtedness

**BOOK: 44783 PAGE: 562**

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MEA 44783, p. 0562, MSA_CE64_45092. Date available 02/05/2021. Printed 12/10/2022.

2920 Vista Street NE, Washington, DC 20018 (2nd Trust)
Cross-Collateral: 2005 Peabody St, Hyattsville, MD 20782
LOAN-005373

and the Obligations secured hereby -- of Grantor or any guarantor of the Indebtedness, or any of their affiliates, to Beneficiary, whether now existing or hereafter created or arising, direct or indirect, material or immaterial, and whether absolute or contingent, joint, several or joint and severally and howsoever owned, held, or acquired.

7.10 Death or Incapacity

Upon the death or incapacity of the Grantor (if applicable) or of any guarantor of the Indebtedness (if applicable).

ARTICLE VIII

DEFAULT AND FORECLOSURE

8.0 Remedies.

If an Event of Default shall occur, then the Trustee or the Beneficiary may, at the option of the Beneficiary, exercise any or all of the following remedies:

(a) Foreclosure Sale. During the continuance of any such Event of Default, the Trustee personally or by its agents or attorneys, upon the instruction of the Beneficiary, may sell the Mortgaged Property, or any part or parts thereof, and all estate, right, title, interest, claims and demand therein, at public auction at such time and place and upon such terms and conditions as the Trustee may deem appropriate or as may be required or permitted by applicable law or rule of court, having first given, advertised, and published such notice of the time, place and terms of foreclosure/public auction by publication in at least one newspaper published or having a general circulation in the county, city or jurisdiction in which the Mortgaged Property is located, once a week for two successive weeks, or by such other methods, if any, as the Trustee or any title insurance company, insuring the lien hereof, may deem appropriate.

(b) Other Remedies. During the continuance of any Event of Default, the Trustee and the Beneficiary may take such other steps to protect and enforce their respective rights, whether by action, suit or proceeding in equity or at law, or in aid of any power granted in the Note or this Deed of Trust, or for the enforcement of any other appropriate legal or equitable remedy, or otherwise, as the Trustee or the Beneficiary may elect.

8.1 Adjournment of Sale.

The Trustee may adjourn from time to time any sale to be made under, or by virtue of this Deed of Trust by announcement at the time and place appointed for such sale or for such adjourned sale; and, except as otherwise provided by any rule of law, the Trustee, without further notice or publication, may make such sale at the time and place to which the same shall be so adjourned.

Rev 5.2016

BOOK: 44783 PAGE: 563

2920 Vista Street NE, Washington, DC 20018 (2nd Trust)
Cross-Collateral: 2005 Peabody St, Hyattsville, MD 20782
LOAN-005373

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MEA 44783, p. 0563, MSA_CE64_45092. Date available 02/05/2021. Printed 12/10/2022.

8.2 Conveyance by Trustee.

Upon the completion of any sale or sales made by the Trustee under or by virtue of this Article, whether made under the power of sale herein granted or under or by virtue of judicial proceedings or of a judgment or decree of foreclosure and sale, the Trustee or an officer of the court empowered so to do, shall execute and deliver to the purchaser or purchasers a good and sufficient instrument, or instruments, conveying, assigning and transferring all estate, right, title and interest in and to the Mortgaged Property and rights sold. The Trustee is hereby appointed the irrevocable true and lawful attorney of the Grantor in its name and stead to make all necessary conveyances, assignments, transfers and deliveries of the Mortgaged Property and rights so sold and for that purpose the Trustee may execute all necessary instruments of conveyance, assignment and transfer, and may substitute one or more persons with like power, the Grantor hereby ratifying and confirming all that its said attorney or such substitute or substitutes shall lawfully do by virtue hereof. Any such sale or sales made under or by virtue of this Article, whether made under the power of sale herein granted or under or by virtue of judicial proceedings or of a judgment or decree of foreclosure and sale, shall operate to divest all the estate, right, title, interest, claim and demand whatsoever, whether at law or in equity, of the Grantor in and to the properties and rights so sold, and shall be a perpetual bar, both at law and in equity, against the Grantor and against any and all persons claiming or who may claim the same, or any part thereof from, through or under the Grantor.

8.3 Purchase by Beneficiary.

In the event of the sale made under or by virtue of this Article, whether made under the power of sale herein granted or under or by virtue of judicial proceedings or of a judgment or decree of foreclosure and sale, the Beneficiary shall be competent to bid for and acquire the Mortgaged Property or any part thereof.

8.4 Waiver of Redemption - Exemptions Waived.

Grantor will not at any time insist upon, or plead, or in any manner whatever claim or take any benefit or advantage of any stay or extension or moratorium law, any exemption from attachment, execution or sale of the Mortgaged Property or any part thereof, wherever enacted, now or at any time hereafter in force, which may affect the covenants and terms of performance of this Deed of Trust, nor claim, take or insist upon any benefit or advantage of any law now or hereafter in force providing for the valuation or appraisal of the Mortgaged Property, or any part thereof, prior to any sale or sales thereof which may be made pursuant to any provision herein, or pursuant to the decree, judgment or order of any court of competent jurisdiction; or after any such sale or sales, claim or exercise any right under any statute heretofore or hereafter enacted to redeem the property so sold or any part thereof, and the Grantor hereby expressly waives all benefit or advantage of any such law or laws, and covenants not to hinder, delay or impede the execution of any right, power or remedy herein granted or delegated to the Trustee or the Beneficiary, but to suffer and permit the execution of every power as though no such law or laws had been made or

Rev 5.2016

BOOK: 44783 PAGE: 564

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MEA 44783, p. 0564, MSA_CE64_45092. Date available 02/05/2021. Printed 12/10/2022.

2920 Vista Street NE, Washington, DC 20018 (2nd Trust)
Cross-Collateral: 2005 Peabody St, Hyattsville, MD 20782
LOAN-005373

enacted. The Grantor, for herself and all who claim under her, waives, to the extent that it lawfully may, the benefit of any homestead exemption and any and all right to have the Mortgaged Property marshaled upon any sale or foreclosure hereunder.

8.5 Remedies Cumulative and Concurrent.

No remedy conferred upon or reserved to the Trustee or the Beneficiary is intended to be exclusive of any other remedy or remedies, and each and every such remedy shall be cumulative, and shall be in addition to every other remedy given hereunder or now or hereafter existing at law or in equity or by statute. Every right, power and remedy given by this Deed of Trust to the Trustee or the Beneficiary shall be concurrent and may be pursued separately, successively or together against the Grantor; and every right, power and remedy given by this Deed of Trust to the Trustee or the Beneficiary may be exercised from time to time as often as may be deemed expedient by the Trustee or the Beneficiary.

8.6 Application of Proceeds.

The proceeds of any sale made under or by virtue of this Article, whether made under the power of sale herein granted or under or by virtue of judicial proceedings or of a judgment or decree of foreclosure and sale, together with any other sums which may then be held by the Trustee or the Beneficiary pursuant to this Deed of Trust, shall be applied as follows:

(a) First, to the payment of the costs and expenses of such sale, including, without limitation, compensation to the Trustee and the Beneficiary, their respective agents and counsel, and of any judicial or other proceeding wherein the same may be made, and of all expenses, liabilities and advances made or incurred by the Trustee or the Beneficiary under this Deed of Trust, and all taxes and assessments due upon the Mortgaged Property at the time of such sale and to discharge any other lien prior to this Deed of Trust, except any taxes, assessments or other liens subject to which the Mortgaged Property shall have been sold.

(b) Second, to the payment of whatever may then remain unpaid on account of the Indebtedness, with interest thereon to the date of payment or as otherwise provided in the Note.

(c) Third, to the payment of any other sums required to be paid by the Grantor pursuant to any provision of the Note or this Deed of Trust, including, without limitation, all expenses, liabilities and advances made or incurred by the Beneficiary under this Deed of Trust or in connection with the enforcement thereof, together with interest on all such advances.

(d) Fourth, to the payment of the surplus, if any, to whomsoever may be lawfully entitled to receive the same upon the delivery and surrender of the Mortgaged Property sold and conveyed.

Rev 5.2016

BOOK: 44783 PAGE: 565

2920 Vista Street NE, Washington, DC 20018 (2nd Trust)
Cross-Collateral: 2005 Peabody St, Hyattsville, MD 20782
LOAN-005373

### ARTICLE IX

### THE TRUSTEE

9.0 Acceptance - Standard of Conduct

Trustee, by acceptance hereof, hereby covenants faithfully to perform and fulfill the trusts herein created; provided, however, that the Trustee shall be liable hereunder only for gross negligence, willful misconduct or bad faith. In any event, the Trustee shall be indemnified and forever held harmless by the Beneficiary for any action which the Trustee may take pursuant to and in reliance upon the written instructions of the Beneficiary.

9.1 Fees and Expenses.

Grantor shall pay all reasonable costs, fees and expenses of the Trustee, its agents and counsel, incurred in connection with the performance of the Trustee's duties hereunder. Nothing contained in this Deed of Trust shall be construed to require the Trustee to make any advances of funds for the benefit of either the Grantor or the Beneficiary for any reason or purpose.

9.2 Commissions on Sale.

In the event of any sale made under or by virtue of Article VIII of this Deed of Trust, whether made under the power of sale therein granted or under or by virtue of judicial proceedings or of a judgment or decree of foreclosure and sale, Trustee shall be entitled to retain as compensation a commission of 5.00% of the proceeds of such sale.

9.3 Commission on Advertisement.

Immediately upon the first publication of an advertisement of any sale to be made under or by virtue of Article VIII of this Deed of Trust, whether made under the power of sale therein granted or under or by virtue of judicial proceeding or of a judgment or decree of foreclosure and sale, Trustee shall be entitled to receive as compensation from the Grantor a commission of 2.50% of the total amount then due on account of the Indebtedness and, upon the first publication of any such advertisement, such commission shall be considered earned by the Trustee, payable by the Grantor, and a part of the Indebtedness. The commissions provided for in Sections 9.2 and 9.3 shall not be cumulative.

9.4 Resignation.

Trustee may resign at any time after thirty (30) calendar days' notice in writing to the Grantor and the Beneficiary.

9.5 Acts of Trustee.

Rev 5.2016                                                                                                    Page 16 of 25

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MEA 44783, p. 0565, MSA_CE64_45092. Date available 02/05/2021. Printed 12/10/2022.

BOOK: 44783 PAGE: 566

2920 Vista Street NE, Washington, DC 20018 (2nd Trust)
Cross-Collateral: 2005 Peabody St, Hyattsville, MD 20782
LOAN-005373

In the event more than one person is designated as Trustee herein, then either or any of them may act without the other when the circumstances shall so require and the act of either or any of them shall be considered as the act of both or all.

9.6 Successor Trustee - Substitution.

The Beneficiary may remove the Trustee at any time or from time to time, with or without reason or cause. In the event of the death, removal, resignation, refusal to act or inability to act of the Trustee, or in the sole discretion of the Beneficiary for any reason, without notice to any party, and without application to any court, a successor or substitute Trustee may be appointed by the Beneficiary by a designation in writing of a successor Trustee by the filing for record in the office where this Deed of Trust is recorded of a Deed of Appointment. Such power of appointment may be exercised whenever and as often as the Beneficiary may consider it advisable and the exercise of such power of appointment, no matter how frequently, shall not be considered a termination thereof. Upon the recordation of any such Deed of Appointment, the successor or substitute trustee so appointed shall thereupon without further act or deed, become fully vested with the same title and estate in and to the Mortgaged Property as the Trustee, as aforesaid, and have all of the rights, powers, trusts, duties and authority of the Trustee. Whenever in the Note or this Deed of Trust reference is made to the Trustee, such reference shall be held and construed to mean the Trustee for the time being, whether original successor or substitute.

ARTICLE X

RELEASE

10.0 Release of Lien.

The lien of this Deed of Trust shall be released at the expense of the Grantor upon payment in full of the Indebtedness and satisfaction and discharge of the Obligations.

ARTICLE XI

MISCELLANEOUS

11.1 Notices.

All notices, demands, requests and other communications pursuant to the provisions of the Note and this Deed of Trust shall be in writing and shall be deemed to have been properly given or served for all purposes when presented personally, or one business day after having been sent by a nationally recognized overnight delivery service or a local courier service, charges prepaid, or three (3) calendar days after having been sent

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MEA 44783, p. 0566, MSA_CE64_45092. Date available 02/05/2021. Printed 12/10/2022.

**BOOK: 44783 PAGE: 567**

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MEA 44783, p. 0567, MSA_CE64_45092. Date available 02/05/2021. Printed 12/10/2022.

2920 Vista Street NE, Washington, DC 20018 (2nd Trust)
Cross-Collateral: 2005 Peabody St, Hyattsville, MD 20782
LOAN-005373

by United States Registered or Certified Mail - Return Receipt Requested, postage prepaid, to the respective addresses as follows:

(a) If to the Grantor, then to: **6409 North Capitol St. NE #B, Washington, DC 20012**

(b) If to the Beneficiary, then to: **2815 Hartland Rd Suite 200, Falls Church, VA 22043, with a courtesy copy to Pardo & Drazin, LLC, Attn: Russell S. Drazin, Esquire, 4400 Jenifer Street, NW, Suite 2, Washington, DC 20015**

(c) If to the Trustee, then to them at: **2815 Hartland Rd Suite 200, Falls Church, VA 22043, with a courtesy copy to Pardo & Drazin, LLC, Attn: Russell S. Drazin, Esquire, 4400 Jenifer Street, NW, Suite 2, Washington, DC 20015**

Any of the parties may designate a change of address by notice in writing to the other parties. Whenever in this Deed of Trust the giving of notice by mail or otherwise is required, the giving of such notice may be waived in writing by the person or persons entitled to receive such notice.

11.2 Severability.

In the event any one or more of the provisions of this Deed of Trust shall for any reason be held to be invalid, illegal or unenforceable, in whole or in part or in any respect, or operates or would prospectively operate to invalidate this Deed of Trust, then and in either of those events, at the option of the Beneficiary, such provision or provisions only shall be held for naught and the remaining provisions of the Deed of Trust shall remain operative and in full force and effect and shall in no way be affected, prejudiced or disturbed thereby.

11.3 Successors and Assigns.

(a) All of the grants, covenants, terms, provisions and conditions of the Note and this Deed of Trust shall run with and bind the Mortgaged Property and shall apply, bind and inure to the benefit of, the successors and assigns of the Grantor, the successors in trust of the Trustee, and all persons claiming under or through any of them.

(b) Notwithstanding anything to the contrary in this Deed of Trust, (i) there shall be no limitation or restriction on Beneficiary's ability to assign, pledge or otherwise transfer the Indebtedness or other Obligations, and (ii) Beneficiary may at any time assign all or a portion of the Indebtedness and other Obligations to one or more Persons (each a "Transferee") without providing notice to Grantor or obtaining Grantor's consent. Following any such assignment, (i) the Transferee thereunder shall be a party hereto and, have the same rights, benefits and obligations as the Beneficiary hereunder, and (ii) the assigning Beneficiary shall have no further rights hereunder with respect to the assigned portion of Indebtedness and other Obligations. Grantor hereby acknowledges and agrees

Rev 5.2016                                                                     Page 18 of 25

**BOOK: 44783 PAGE: 568**

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MEA 44783, p. 0568, MSA_CE64_45092. Date available 02/05/2021. Printed 12/10/2022.

2920 Vista Street NE, Washington, DC 20018 (2nd Trust)
Cross-Collateral: 2005 Peabody St, Hyattsville, MD 20782
LOAN-005373

that any such assignment will give rise to a direct obligation of Grantor to the Transferee and that the Transferee shall be considered to be a "Beneficiary" hereunder. Each Transferee shall have all of the rights, obligations and benefits with respect to the Indebtedness, Obligations, Note, Mortgaged Property and/or Loan Documents held by it as fully as if the original holder thereof. Agent (as hereinafter defined) may disclose to any Transferee all information, reports, financial statements, certificates and documents obtained under any provision of any Loan Document.

(c) Any assignment pursuant to Section 11.3(b) above may be evidenced by a note, at the election of Beneficiary. Upon written notice from Beneficiary, Grantor shall promptly (and in any event within three (3) business days after any such request) execute and deliver to Agent any such documents as Beneficiary may require to confirm such assignment, evidence the Indebtedness, and/or to otherwise effectuate such assignment including, without limitation, original replacement notes in form and substance satisfactory to Agent and payable to the order of Beneficiary and/or a Transferee in an aggregate principal amount equal to the stated principal amount of the Loan.

(d) Beneficiary shall act as initial administrative noteholder for itself and any Transferee (together with any successor administrative noteholder, the "Agent"). Grantor acknowledges that Agent shall have the sole and exclusive authority to execute and perform this Deed of Trust and each Loan Document on behalf of the Beneficiary, subject to the terms of any co-lending agreement. Grantor shall rely conclusively on the actions of Agent to bind the Beneficiary, notwithstanding that the particular action in question may, pursuant to this Deed of Trust or any co-lending agreement be subject to the consent or direction of another Person. Beneficiary may resign or be replaced as Agent in accordance with the term of any co-lending agreement and upon such removal or resignation, a successor Agent shall be appointed in accordance with the terms of any co-lending agreement.

11.4 Modification - Waiver.

None of the terms or provisions of the Deed of Trust may be changed, waived, modified, discharged or terminated except by instrument in writing executed by the party or parties against which enforcement of the change, waiver, modification, discharge or termination is asserted.

11.5 Captions and Headings.

The captions and headings contained in this Deed of Trust are included herein for convenience of reference only and shall not be considered a part hereof and are not in any way intended to limit or enlarge the terms hereof.

11.6 Warranty.

The Grantor warrants generally the title to the Mortgaged Property.

Rev 5.2016                                                                 Page 19 of 25

**BOOK: 44783 PAGE: 569**

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MEA 44783, p. 0569, MSA_CE64_45092. Date available 02/05/2021. Printed 12/10/2022.

2920 Vista Street NE, Washington, DC 20018 (2nd Trust)
Cross-Collateral: 2005 Peabody St, Hyattsville, MD 20782
LOAN-005373

11.7 Applicable Law.

This Deed of Trust shall be governed by and construed, interpreted and enforced in accordance with and pursuant to the laws of the jurisdiction in which the Mortgaged Property is located.

11.8 Time of Essence.

Time shall be of the essence of each and every provision of this Deed of Trust of which time is an element.

11.9 Business Purpose.

Grantor warrants that the proceeds of the Note and any and all other secured Indebtedness shall be used exclusively for the acquisition or conduct of a business or commercial enterprise and that the loan evidenced by the Note is a "commercial loan."

11.10 Tenant Leases and Rents.

(a) Grantor does hereby absolutely and irrevocably assign, convey, transfer and set over to Beneficiary all of Grantor's right, title, estate and interest in and to all Leases, rents, issues, income and profits from the Mortgaged Property (collectively, "Income"). Such assignment shall not impose upon Beneficiary any duty to produce income from the Mortgaged Property. Beneficiary hereby grants to Grantor a license to collect, not more than one month in advance, and as trustee for the benefit of Beneficiary, the Income. Grantor shall apply the Income so collected first to payment of any and all amounts due under the Loan Documents and second to the funding of any escrows required under the Loan Documents. Thereafter, so long as no Event of Default exists, Grantor may use the Income in any manner not inconsistent with its obligations under the Loan Documents. The license granted hereby shall be revoked automatically upon the occurrence of an Event of Default hereunder.

(b) Grantor shall not enter into any Lease without the express written consent of Beneficiary. Grantor does hereby absolutely and irrevocably assign, convey, transfer and set over to Beneficiary all of Grantor's right, title, estate and interest in and to all Leases. Such assignment shall not impose upon Beneficiary any duty to produce income from the Mortgaged Property. Beneficiary hereby grants to Grantor a license to operate and manage the Mortgaged Property under any and all Leases. The license granted hereby shall be revoked automatically upon the occurrence of an Event of Default hereunder.

(c) Grantor shall enforce all terms and conditions of all Leases and shall not permit any default by a tenant thereunder to continue longer than necessary to pursue its remedies. Grantor shall perform all of its obligations under and in respect of all Leases. In the event of a default by tenant under a Lease, Grantor shall diligently exercise all rights and

**BOOK: 44783  PAGE: 570**

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MEA 44783, p. 0570, MSA_CE64_45092. Date available 02/05/2021. Printed 12/10/2022.

2920 Vista Street NE, Washington, DC 20018 (2nd Trust)
Cross-Collateral: 2005 Peabody St, Hyattsville, MD 20782
LOAN-005373

remedies available to Grantor therefor, including but not limited to termination, eviction and reletting.

(d) The foregoing subparagraphs (a), (b), and (c) shall not constitute, or be construed to be, Beneficiary's waiver of the requirement set forth herein and the other Loan Documents that the Mortgaged Property be and remain vacant and unoccupied during the term of the Note and so long as this Deed of Trust remains a lien upon the Mortgaged Property. Waiver of said requirement must be express and in writing separate and apart from foregoing subparagraphs (a), (b), and (c).

11.11 All Obligations.

This Deed of Trust is given to secure certain present and future Indebtedness and Obligations, including future advances, as provided in the Note. This Deed of Trust and the liens created hereby shall secure any and all Indebtedness and Obligations of Grantor to Beneficiary of every nature whatsoever, whether created heretofore or hereafter.

11.12 Assignment of Contracts

Grantor hereby irrevocably and unconditionally assigns its right, title, and interest in and to all contracts executed in connection with the Mortgaged Property and all contract rights arising therefrom. So long as no default or Event of Default exist under this Deed of Trust, the Note or any other Loan Documents, Beneficiary grants a license to Grantor to use the contracts and contract rights for the benefit of the Mortgaged Property. However, upon a default or Event of Default Deed of Trust, Grantor's license shall immediately and automatically be revoked, and Beneficiary, at its option, may assume the contracts; provided, however, Beneficiary shall not be liable for any amounts due under the contracts prior to the effective date of such assumption. Such assignment shall not impose upon Beneficiary any duty to assume or otherwise perform under such contracts.

11.13 Security Agreement.

For the purpose of securing the Indebtedness and Obligations, this Deed of Trust shall constitute a security agreement creating a security interest in (a) all Personal Property of Grantor included within or located on or to be delivered to the Mortgaged Property, including all such items of personal property hereafter acquired, and the proceeds thereof, and (b) all other Personal Property of Grantor relating in any way to the Indebtedness, Obligations, and/or the Loan Documents. Grantor hereby authorizes and agrees to execute and/or authorize such further agreements, instruments, financing statements, continuation statements, and other documents as may be necessary or appropriate to perfect and maintain the security interest herein granted to Beneficiary. Upon the occurrence of an Event of Default hereunder, Beneficiary shall have the remedies of a secured party under the Uniform Commercial Code for the jurisdiction in which the Mortgaged Property is located, including, without limitation, the right to take immediate possession of any

BOOK: 44783 PAGE: 571

2920 Vista Street NE, Washington, DC 20018 (2nd Trust)
Cross-Collateral: 2005 Peabody St, Hyattsville, MD 20782
LOAN-005373

collateral.  Any sale of such collateral may be held as a part of and in conjunction with a sale by Trustee of the Mortgaged Property.

ARTICLE XII

STATUTORY PROVISIONS

12.1 Statutory Provisions.

This Deed of Trust is made under and pursuant to the provisions of the statutes and regulations of the jurisdiction in which the Mortgaged Property is located, as amended, and shall be construed to impose and confer upon the parties hereto and Beneficiary all the rights, duties, and obligations prescribed by said statutes and regulations, as amended, except as herein otherwise restricted, expanded, or changed.

**IN WITNESS WHEREOF**, the said Grantor has executed these presents on the year and day first above written.

**[Signature Page to Follow]**

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MEA 44783, p. 0571, MSA_CE64_45092. Date available 02/05/2021. Printed 12/10/2022.

**BOOK: 44783  PAGE: 572**

2920 Vista Street NE, Washington, DC 20018 (2nd Trust)
Cross-Collateral: 2005 Peabody St, Hyattsville, MD 20782
LOAN-005373

**GRANTOR:**

_____ (SEAL)
Herman George Lucas

COUNTY OF ___MONTGOMERY___ ) SS:
STATE OF ___MARYLAND___ )

    I hereby certify on this __05__ day of January, 2021, before me in the jurisdiction aforesaid, did personally appear Herman George Lucas, known or satisfactorily proven to be the person(s) whose name(s) is set forth in the within instrument, and executed the within instrument and acknowledged the same instrument to be his/her act and deed for the purposes herein contained and in the capacity herein stated.

MICHAEL ANTHONY CAIRO
Notary Public-Maryland
Montgomery County
My Commission Expires
October 08, 2023

NOTARY PUBLIC

My commission expires: ___10·08·2023___

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MEA 44783, p. 0572, MSA_CE64_45092. Date available 02/05/2021. Printed 12/10/2022.

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MEA 44783, p. 0573, MSA_CE64_45092. Date available 02/05/2021. Printed 12/10/2022.

**BOOK: 44783  PAGE: 573**

2920 Vista Street NE, Washington, DC 20018 (2nd Trust)
Cross-Collateral: 2005 Peabody St, Hyattsville, MD 20782
LOAN-005373

**EXHIBIT A**

**LEGAL DESCRIPTION**

**BOOK: 44783  PAGE: 574**

**Exhibit A**

**Legal Description**

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MEA 44783, p. 0574, MSA_CE64_45092. Date available 02/05/2021. Printed 12/10/2022.

**Re: Borrower(s): Wise Innovations LLC**
**Our File #:**        **A20855**
**Property Tax ID: 17-1969088**

Lot numbered Fourteen (14), in Block numbered Two {2) in the subdivision known as "BROOKSIDE MANOR", as per plat thereof recorded in Plat Book BB 8 at Plat 98, among the Land Records of Prince George's County, Maryland in the election district of Chillum.

TAX ID AND ADDRESS ARE PROVIDED FOR INFORMATION ONLY

**Property Tax ID#:** 17-1969088
**Subject Property Address :**
2005 Peabody Street
Hyattsville, MD 20782

Being the same property described in in Book: 5416 Page: 990 among the aforesaid land records.

## BOOK: 44783 PAGE: 575

**Prince George's County Office of Finance, Treasury Division** County Transfer Tax 1.4%
**Finance Affidavit** State Recordation Tax 5.50 per 1000.00
**PROPERTY TAX ID #** 17- 1969088 (REQUIRED) (Rounded up to next 500.00)

**DO YOU OWN ANY OTHER PROPERTIES?** Y / N (PLEASE CIRCLE ONE)

I/WE CERTIFY, under the penalties of perjury, that the following are accurate responses regarding the financing we are offering for record on this date in accordance with Tax Property Article 12-102 and County Code 10-187(A)

**REQUIRED INFORMATION:** The following information refers **ONLY to the loan(s) being REFINANCED or MODIFIED.**

| LIBER/FOLIO(S) | ORIGINAL LOAN AMOUNT(S) | UNPAID PRINCIPAL BALANCE(S) (no interest or |
|---|---|---|
| 1) | | penalty to be |
| 2) | | added) |

**A.** **STATE RECORDATION TAX – PRINCIPAL RESIDENCE**
The "**REQUIRED INFORMATION**" above MUST be completed when using this clause.

_____ Borrower initials here only if **ALL** qualifications listed below apply:
  a. This is a refinance (Paying off an existing loan) of your principal residence.
  b. You are the original mortgagor or assumed the debt from the original mortgagor. (For tax purposes)
*Recordation tax based on difference between new loan amount and the unpaid principal balance of the loan(s) being refinanced.*
(NOTE: "**B-1**" or **B-2**" MUST be initialed)

**B.** **COUNTY TRANSFER TAX – PRINCIPAL RESIDENCE – (ONLY INITIAL ONE B CLAUSE)**
The "**REQUIRED INFORMATION**" above MUST be completed if refinancing (Paying off) or modifying (amending) existing loan

  **B1.** _____ Borrower initials here only if **ALL** qualifications listed below apply:
  a. This is a (1) new loan (NOT Paying off an existing loan) (2) Modification (amending an existing loan) or a (3) refinance *(Paying off an existing loan)* on your principal residence.
  b. You had a purchase money trust/mortgage (Borrowed money to purchase property).
  c. The *purchase money* trust/mortgage has been on record for more than 12 months.
*Exempt from County Transfer Tax.* (NOTE: If refinancing, "**A**" MUST be initialed)
REQUIRED: You must submit a recorded copy of the deed(s) of trust being refinanced.

OR

The "**REQUIRED INFORMATION**" above MUST be completed if using this clause.

  **B2.** _____ Borrower initials here only if **ALL** qualifications listed below apply:
  a. This is a refinance *(Paying off existing loan)* of your principal residence. *and*
  b. You did NOT have a purchase money trust/mortgage or purchase money was recorded less than 12 months ago.
*County Transfer Tax on the difference between the new loan amt. and the original amt. of the loan(s) being refinanced.*
REQUIRED: You must submit a recorded copy of the deed(s) of trust being refinanced. (NOTE: "**A**" MUST be initialed)

**C.** **COUNTY TRANSFER TAX – NON PRINCIPAL RESIDENCE/COMMERCIAL PROPERTY**
The "**REQUIRED INFORMATION**" above MUST be completed if using this clause.

_HGC_ _____ Borrower initials here only if **ALL** qualifications listed below apply:
  a. This is a refinance *(Paying off existing loan)or* modification of a property that is **NOT** your principal residence.
  b. You are the original mortgagor or assumed the debt from the original mortgagor. (For tax purposes)
*County Transfer Tax on the difference between the new loan amt. and the original amt. of the loan(s) being refinanced.*
*Recordation tax based on difference between new loan amount and the unpaid principal balance of the loan(s) being refinanced.*
REQUIRED: You must submit a recorded copy of the deed(s) of trust being refinanced/modified.

**\*\*TO QUALIFY FOR REFINANCE EXEMPTIONS – IT MUST BE SAME BORROWERS AND SAME PROPERTY\*\***

I/WE understand that if I/We fail to truthfully answer or provide information to avoid collection of County Transfer and State Recordation Tax, I/We may be found guilty of a misdemeanor and, on conviction, may be subject to a fine not exceeding $5,000.00 or imprisonment not exceeding (18) months or both; and I/We authorize Prince George's County to take the appropriate steps necessary to confirm and verify the information made on this affidavit.

By signing this form, I/WE are affirming under penalties of perjury that the borrower(s) do not claim any other property as their principal residence.

*Herman G. Lucas*
Signature of Borrower                                        Signature of Borrower

In the State of MARYLAND, at the County/City of MONTGOMERY

I HEREBY CERTIFY, on this 05 day of JUN, 20 21, before me, the subscriber, a Notary Public, in and for said State and County/City, personally appeared, HERMAN GREMLR LUCAS, known to me to be, (or satisfactorily proven) to be the person(s) whose name(s) is/are subscribed to the within affidavit, and acknowledged that he/she/they executed that same for the purposes therein contained, and further acknowledge the information therein is correct, and in my presence signed and sealed the same..

My Commission Expires: 10 / 08 / 2023

                                         Notary Public Signature
PGC TREAS Form #001
Rev 07/2013 (This form may be copied but not altered in any way) NOTE: IT IS ILLEGAL TO NOTARIZE A FORGED SIGNATURE
**Alterations that affect taxation of the document will not be accepted.**

MICHAEL ANTHONY CAIRO
Notary Public-Maryland
Montgomery County
My Commission Expires
October 08, 2023

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MEA 44783, p. 0575, MSA_CE64_45092. Date available 02/05/2021. Printed 12/10/2022.

BOOK: 44783 PAGE: 576

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MEA 44783, p. 0576, MSA_CE64_45092. Date available 02/05/2021. Printed 12/10/2022.

## State of Maryland Land Instrument Intake Sheet

☐ Baltimore City   ☑ County: PRINCE GEORGE'S

*Information provided is for the use of the Clerk's Office, State Department of Assessments and Taxation, and County Finance Office Only.*
(Type or Print in Black Ink Only—All Copies Must Be Legible)

( ☐ Check Box if addendum Intake Form is Attached.)

**1 Type(s) of Instruments**

| Deed | Mortgage | Other ____ | Other ____ |
|---|---|---|---|
| X Deed of Trust | Lease | | |

**2 Conveyance Type Check Box**

| Improved Sale Arms-Length [1] | Unimproved Sale Arms-Length [2] | Multiple Accounts Arms-Length [3] | Not an Arms-Length Sale [9] |
|---|---|---|---|

**3 Tax Exemptions (if applicable)** Cite or Explain Authority

Recordation

State Transfer

County Transfer

**4 Consideration and Tax Calculations**

| Consideration Amount | | Finance Office Use Only Transfer and Recordation Tax Consideration | |
|---|---|---|---|
| Purchase Price/Consideration | $ | | |
| Any New Mortgage | $ 125,250.00 | Transfer Tax Consideration | $ |
| Balance of Existing Mortgage | $ | X ( ____ )% = | $ |
| Other: | $ | Less Exemption Amount − | $ |
| | | Total Transfer Tax = | $ |
| Other: | $ | Recordation Tax Consideration | $ |
| | | X ( ____ ) per $500 = | $ |
| Full Cash Value: | $ | TOTAL DUE | $ |

**5 Fees**

| Amount of Fees | Doc. 1 | Doc. 2 | Agent: |
|---|---|---|---|
| Recording Charge | $ 20.00 | $ | |
| Surcharge | $ 95.00 | $ | Tax Bill: |
| State Recordation Tax | $ 690.25 | $ | |
| State Transfer Tax | $ 0.00 | $ | C.B. Credit: |
| County Transfer Tax | $ 1,753.50 | $ | |
| Other | $ | $ | Ag. Tax/Other: |
| Other | $ | $ | |

**6 Description of Property**

SDAT requires submission of all applicable information. A maximum of 40 characters will be indexed in accordance with the priority cited in Real Property Article Section 3-104(g)(3)(i).

| District | Property Tax ID No. (1) | Grantor Liber/Folio | Map | Parcel No. | Var. LOG |
|---|---|---|---|---|---|
| 17 | 1969088 | | | | (5) |

| Subdivision Name | Lot (3a) | Block (3b) | Sect/AR (3c) | Plat Ref. | SqFt/Acreage (4) |
|---|---|---|---|---|---|
| Brookside Manor | 14 | 2 | | BB 8/98 | |

Location/Address of Property Being Conveyed (2)
2005 Peabody Street, Hyattsville, MD 20782

| Other Property Identifiers (if applicable) | Water Meter Account No. |
|---|---|

Residential ☑ or Non-Residential ☐   Fee Simple ☑ or Ground Rent ☐ Amount: ____

Partial Conveyance? ☐ Yes ☑ No   Description/Amt. of SqFt/Acreage Transferred: ____

If Partial Conveyance, List Improvements Conveyed:

**7 Transferred From**

| Doc. 1 – Grantor(s) Name(s) | Doc. 2 – Grantor(s) Name(s) |
|---|---|
| Herman George Lucas | |

| Doc. 1 – Owner(s) of Record, if Different from Grantor(s) | Doc. 2 – Owner(s) of Record, if Different from Grantor(s) |
|---|---|

**8 Transferred To**

| Doc. 1 – Grantee(s) Name(s) | Doc. 2 – Grantee(s) Name(s) |
|---|---|
| WCP Fund I LLC | |
| Daniel Huertas, Trustee | |

New Owner's (Grantee) Mailing Address

**9 Other Names to Be Indexed**

| Doc. 1 – Additional Names to be Indexed (Optional) | Doc. 2 – Additional Names to be Indexed (Optional) |
|---|---|

**10 Contact/Mail Information**

Instrument Submitted By or Contact Person   ☑ Return to Contact Person

Name: Marie Taylor   ☐ Hold for Pickup

Firm: Household Title and Escrow LLC

Address: 6550 Rock Spring Drive, #290A, Bethesda, MD 20817   ☑ Return Address Provided

A20855   Phone: (301) 530-6060

**11 Assessment Information**

IMPORTANT: *BOTH THE ORIGINAL DEED AND A PHOTOCOPY MUST ACCOMPANY EACH TRANSFER*

Yes ☐ No ☑  Will the property being conveyed be the grantee's principal residence?

Yes ☑ No ☐  Does transfer include personal property? If yes, identify:

Yes ☐ No ☑  Was property surveyed? If yes, attach copy of survey (if recorded, no copy required).

**Assessment Use Only – Do Not Write Below This Line**

| Terminal Verification | Agricultural Verification | Whole | Part | Tran. Process Verification |
|---|---|---|---|---|
| Transfer Number | Date Received: | Deed Reference: | | Assigned Property No.: |

| Year | 20 | 20 | Geo. | Map | Sub | Block |
|---|---|---|---|---|---|---|
| Land | | | Zoning | Grid | Plat | Lot |
| Buildings | | | Use | Parcel | Section | Occ. Cd. |
| Total | | | Town Cd. | Ex. St. | Ex. Cd. | |

REMARKS:

Distribution: White – Clerk's Office    Canary – SDAT    AOC-CC-300 (6/2007)
Pink – Office of Finance    Goldenrod – Preparer